```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  CHRISTOPHER D. BAKER
    Assistant U.S. Attorney
 3  2500 Tulare Street, Suite 4401
    Fresno, California 93721
 4  Telephone: (559) 497-4000
    Facsimile: (559) 497-4099
 5
    Attorneys for the
 6  United States of America
 7
 8              IN THE UNITED STATES DISTRICT COURT FOR THE
 9                    EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,     )   1:12-CR-00130-AWI-DLB
                                  )
12              Plaintiff,        )   PRELIMINARY ORDER OF FORFEITURE
                                  )
13       v.                       )
                                  )
14  UBALDO CASTILLO-HERNANDEZ,    )
                                  )
15                                )
                Defendant.        )
16                                )
                                  )
17
18       Based upon the plea agreement entered into between plaintiff
19  United States of America and defendant Ubaldo Castillo-Hernandez, it
20  is hereby ORDERED, ADJUDGED, AND DECREED as follows:
21       1.   Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §
22  2461(c), defendant Ubaldo Castillo-Hernandez' interest in the
23  following property shall be condemned and forfeited to the United
24  States of America, to be disposed of according to law:
25          a. Approximately $5,242.00 in United States
             currency;
26          b. One IBM Thinkpad Laptop;
             c. Two thumb drives;
27          d. One iPhone 4;
             e. One Metro PCS cellular telephone;
28
```

|   |                                                              |
|---|--------------------------------------------------------------|
| 1 |       f. Three Epson Stylus printers; |

```
            f. Three Epson Stylus printers;
            g. One OKI printer;
            h. Card making supplies;
            i. One wireless modem;
            j. Five paper cutters;
            k. One Cannon scanner;
            l. One Dacetek 500 laminator;
            m. Six LG cellular telephones;
            n. One box business cards;
            o. One Dell computer monitor;
            p. One HTC cellular telephone;
            q. Miscellaneous documents;
            r. Suspect documents;
            s. Three micro SD cards;
            t. One Dell desktop computer;
            u. Three Epson printers;
            v. One Zebra card printer;
            w. Miscellaneous computer parts;
            x. Two Dell laptop computers;
            y. Three Kyocera cellular telephones;
            z. One Fujifilm camera;
            aa. One T-Mobile cellular telephone;
            bb. One iPod, 80GB;
            cc. Six Samsung cellular telephones;
            dd. One Toshiba laptop computer;
            ee. One Gateway laptop computer;
            ff. One Motorola cellular telephone;
            gg. One Cricket cellular telephone;
            hh. One Nikon camera;
            ii. Four counterfeit LPR cards;
            jj. Three counterfeit SSN cards;
            kk. Two laminators;
            ll. One edge cutter;
            mm. Card stock;
            nn. Miscellaneous photographs;
            oo. One Acer laptop computer;
            pp. Three Verizon cellular telephones;
            qq. One Sony Ericsson cellular telephone;
            rr. One Magellan GPS;
            ss. One iPod, 8GB;
            tt. 11 cellular telephones;
            uu. One Sony Cyber-shot camera; and
            vv. One cardboard display with printed flyers.
```

    2.    The above-listed assets represent any property real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly as a result of the commission of a violation of 18 U.S.C. § 371.

    3.    Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property.

The aforementioned property shall be seized and held by the Department of Homeland Security, Immigration Customs Enforcement or Customs and Border Protection Service in their secure custody and control.

    4.  a.  Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n), and Local Rule 171, the United States shall publish notice of the order of forfeiture. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site [www.forfeiture.gov](www.forfeiture.gov). The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

        b.  This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

    5.  If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §

///

///

///

///

2461(c), in which all interests will be addressed.

IT IS SO ORDERED.

Dated: November 20, 2012

UNITED STATES DISTRICT JUDGE